RECEIVED
MAR 1 5 2012
BY MAIL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**DAVID SOJKA,**

    **Plaintiff,**

v.

**TAKHAR COLLECTION SERVICES, LTD., and**

**DOE 1,**

    **Defendants.**

Civil Action No. _____

## COMPLAINT

### (Jury Trial Demanded)

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.  This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in collection efforts against Plaintiff while Plaintiff so resided.

1

## PARTIES

3. Plaintiff, DAVID SOJKA (hereinafter "Mr. Sojka" or "Plaintiff"), is a natural person who resided at 1077 S. Taylor Ave., Saint Louis, Missouri at the time the occurrences giving rise to this complaint transpired. Defendant, TAKHAR COLLECTION SERVICES, LTD. (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 1623 Military Road, Suite 537 in Niagara Falls, New York. Plaintiff is ignorant of the true name and capacity of the defendant sued herein as DOE 1, and therefore sues this defendant by such fictitious name. Plaintiff will amend this Complaint to allege the true name and capacity once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that such defendant is responsible to Plaintiff for damages and/or monies owed. Defendant TAKHAR COLLECTION SERVICES, LTD. and DOE 1 shall be jointly referred to as "Defendants" herein.

4. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. In mid November 2010, Defendants began contacting Plaintiff David Sojka at his telephone number of (505)336-0505 in an attempt to collect a consumer debt alleged owed by Luis Prieto, an individual Mr. Sojka has no knowledge of.

2

6. Despite Mr. Sojka having informed Defendants that they were calling his number in error and demanding that they stop, Defendants continued to call. Defendants called Mr. Sojka approximately twice a day from November 17, 2010 to March 16, 2011 largely with the use of an automated dialer and pre-recorded message which demanding a return call to (866)441-5558.

7. At various times Mr. Sojka attempted to call Defendants at their number of (866) 441-5558. During regular business hours, Defendant's number would play a pre-recorded message stating: "Thank you for calling Takhar Group of companies. Please note your call may be recorded for quality and training purpose. Please stay on the line for the next available representative. Thank you for calling. No one is available to take your call at this time. Please call again later."

8. Being unable to terminate the calls, Mr. Sojka retained counsel.

9. On March 18, 2011, Mr. Sojka's attorney, Robert Amador, contacted Defendant Takhar Collection Services, Ltd. ("Takhar") by telephone. Daniel, an employee of Takhar, advised Mr. Amador that Takhar had been using an automated system to call Mr. Sojka's number twice a day since November 17, 2010.

## CAUSES OF ACTION

### COUNT I

10. Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692b(3) with regards to Plaintiff as follows:

3

(1) Defendants continued to contact Plaintiff after being informed that Defendants had the wrong number for Luis Prieto and to stop calling.

### COUNT II

11. Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d by: 1.) Continuing to contact Plaintiff after being advised that Defendants were calling the wrong number and to stop calling; and 2.) Harassing Plaintiff with an excessive number of calls.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, damages for each count being in the alternative, as follows:

### COUNT I

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## COUNT II

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  March 13, 2012

ROBERT AMADOR, ESQ.
Attorney for Plaintiff David Sojka
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com

5