# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID SOJKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-502 CAS |
| ) | |
| TAKHAR COLLECTION SERVICES, ) | |
| LTD., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff David Sojka's motion for entry of default judgment against defendant Takhar Collection Services, Ltd. ("Takhar"), and for attorney's fees and costs. Plaintiff's motion is accompanied by affidavits and exhibits. For the following reasons, the Court will grant plaintiff default judgment in the amount of $1,000.00, and award $3,339.00 in attorneys' fees and $520.23 in costs.

### *I. Background*

On March 15, 2012, plaintiff filed a complaint against Takhar and Doe #1, alleging two counts under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§ 1692, et seq. According to the complaint, in November 2010, defendants began contacting plaintiff at his telephone number in an attempt to collect a consumer debt allegedly owed by Luis Prieto, an individual of whom plaintiff has no knowledge. Plaintiff informed defendants that they were calling his number in error, and asked that they stop, Takhar, however, continued to call plaintiff. Takhar called plaintiff approximately twice a day from November 17, 2010 to March 16, 2011. Plaintiff alleges defendant used an automated dialer with a pre-recorded message. On several occasions,

plaintiff attempted to call Takhar at the number which was given on the prerecorded message, however, he could only reach a recorded message that stated no one was available to take his call. Plaintiff retained counsel who contacted Takhar. On March 18, 2011, an employee at Takhar advised plaintiff's attorney that Takhar had been using an automated system to call plaintiff twice a day since November 17, 2010. In his complaint plaintiff seeks statutory damages, as well as attorney's fees and costs.

Defendant Takhar was served with summons and the complaint on May 18, 2012. The company did not answer or otherwise respond to the complaint. On June 25, 2012, the Clerk of Court entered default against defendant Takhar pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Doc. 8. On August 20, 2012, plaintiff voluntarily dismissed his claim against Doe #1. In his motion for default judgment, plaintiff seeks $1,000 in statutory damages, $520.23 in costs, and $3,339.00 in attorney's fees against defendant Takhar.

## *II. Discussion*

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

The Court takes the allegations plaintiff made in his complaint as true, except for those allegations as to the amount of damages, and finds plaintiff is entitled to default judgment under the FDCPA. Taylor, 859 F.2d at 1333. n.7 ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted). The FDCPA "is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Quinn v. Ocwen Fed. Bank FSB, 470 F.3d

1240, 1246 (8th Cir. 2006) (quoting 15 U.S.C. § 1692e and Peters v. General Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002)).  Under the FDCPA, a debt collector may not "harass, oppress, or abuse any person in connection with the collection of a debt" and, more specifically, a debt collector may not "[c]aus[e] a telephone to ring or engag[e] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d (a)(3).  A debt collector is also prohibited from "[communicating] with [with any person other than the consumer] more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."  15 U.S.C. § 1692b(3).  Accepting the allegations in the complaint as true, the Court finds defendant Takhar has violated provisions of the FDCPA. 15 U.S.C. §§1692, et seq.

### III.  Damages and Fees

For damages, plaintiff seeks $1,000.00 in statutory damages.  He is also seeking  $3,339.00 in attorney's fees and $520.23 in costs.  Plaintiff filed affidavits in support of his damage and fee requests, as well as exhibits.

Under the FDCPA, a debt collector who violates the Act is liable for any actual damages sustained by the plaintiff and "additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692k (a)(1) and (2)(A).  In determining the amount of liability under subsection (a)(2)(A), the Court is to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k (b)(1).  Based on the facts set forth in the complaint, the Court will award plaintiff $1,000.00 in statutory damages.

The FDCPA also provides for attorneys' fees and costs. § 1692k (a)(3). According to the documentation provided to the Court, plaintiff has incurred $3,339.00 in attorney's fees and $520.23 in costs in pursuit of this action. The Court finds the attorney's fees and costs that plaintiff documented he has incurred were necessary and reasonable. Hensley v. Eckerhart, 461 U.S. 424 (1983). Thus, plaintiff is entitled to $3,339.00 in attorney's fees and $520.23 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff David Sojka's motion for default judgment against defendant Takhar Collection Services, Ltd., is **GRANTED.** [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiff David Sojka is awarded statutory damages in the amount of One Thousand Dollars ($1,000.00) against defendant Takhar Collection Services, Ltd.

**IT IS FURTHER ORDERED** that plaintiff David Sojka is entitled to costs against defendant Takhar Collection Services, Ltd. in the amount of Five Hundred Twenty Dollars and Twenty-Three Cents ($520.23), and attorney's fees in the amount of Three Thousand Three Hundred Thirty-Nine Dollars ($3,339.00).

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this     7th     day of February, 2013.